UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
G and P Warehouse International LLC d/b/a
National Food Distributors,

                          Plaintiff,

          -against-

Abdallah Holdings, Inc.; Waldwick Food Store Inc.
d/b/a Giant Farmers Market; Oakland Food Store
Inc. d/b/a Giant Farmers Market; Abdallah Food
Stores Inc. d/b/a Foodtown of New York; Conduit
Laundry Inc.; Joseph S. Abdallah; Abraham A.
Abdallah; Ahmad Sharif Abdallah; Mohammed
Abdallah; and Jason A. Doyle a/k/a Jason Boyle,

                    Defendants.
-----------------------------------------------------------------X

**ORDER**
25-CV-02661 (DG) (PK)

DIANE GUJARATI, United States District Judge:

       On May 13, 2025, Plaintiff G and P Warehouse International LLC d/b/a National Food Distributors commenced this action seeking to enforce Plaintiff's rights under the Perishable Agricultural Commodities Act ("PACA"). *See generally* Complaint, ECF No. 1. Pending before the Court is Plaintiff's request for a preliminary injunction. *See* ECF No. 21.[1]

       Plaintiff seeks an order enjoining and restraining Defendants Abdallah Holdings, Inc. ("Abadallah Holdings"), Waldwick Food Store Inc. d/b/a Giant Farmers Market ("Waldwick"), Oakland Food Store Inc. d/b/a Giant Farmers Market ("Oakland"), Abdallah Food Stores Inc. d/b/a Foodtown of New York ("Foodtown"), Conduit Laundry Inc. ("Conduit"), Joseph S. Abdallah, Abraham A. Abdallah, Ahmad Sharif Abdallah, and Mohammed Abdallah (collectively, the

---

[1] Familiarity with the procedural history and background of this action is assumed herein.

    At a conference held on July 2, 2025, Plaintiff and Defendant Jason A. Doyle orally stipulated to dismissal of this action as against Defendant Doyle, without prejudice; thereafter, a written stipulation was filed. *See* Minute Entry for July 2, 2025 conference; ECF No. 27.

"Defendants") and their customers, agents, employees, officers, directors, successors, subsidiaries, related entities, assigns, and banking institutions from taking any action to assign, transfer, convey, spend, or dissipate PACA trust funds in the principal amount of $170,672.78, except for delivery to Plaintiff's counsel, and directing and requiring Defendants to account for the assets and liabilities of Waldwick, Oakland, Foodtown, and Conduit (collectively, the "Corporate Defendants") and their related and subsidiary companies.  *See* ECF No. 24 at 1-2 (proposed preliminary injunction order); *see also* ECF No. 24 at 4-6.

* * *

"A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration in original) (quoting *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010)).  The party seeking injunctive relief "need only show a likelihood of success on the merits of at least one of [its] claims." *See Home It, Inc. v. Wen*, No. 19-CV-07070, 2020 WL 353098, at *5 (E.D.N.Y. Jan. 21, 2020) (quotation omitted).

Having considered all of the filings to date in this action, including the declarations and exhibits; having heard further from Plaintiff at the conference held on July 2, 2025, including with respect to each of the requirements for obtaining a preliminary injunction and with respect to the relationships among the Defendants; and in light of the lack of any opposition by Defendants, Plaintiff's request for a preliminary injunction, ECF No. 21, is GRANTED.

Based on the record before the Court, the Court finds that: Plaintiff is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and is licensed as a dealer under PACA; Defendants Oakland and Waldwick are engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail and were at all relevant times licensed as dealers under PACA; Plaintiff sold to Defendants produce that had moved in interstate commerce, worth the aggregate amount of $170,672.78, for which Plaintiff has not been paid; Defendants accepted the produce received from Plaintiff without protest; Plaintiff preserved its interest in the PACA trust in the amount of $170,672.78 by timely delivering invoices to Defendants that contained the language required by PACA; Defendants have refused to make full payment for the produce despite repeated demands; the Corporate Defendants appear to be winding down operations and to be in the process of liquidating their assets, including PACA trust assets belonging to Plaintiff; and Defendants have been served with the relevant documents in this action and have not appeared or opposed the request for a preliminary injunction. *See* Declaration of Yahaira Quiñones, ECF No. 6; Declaration of Johnny Suarez, ECF No. 7; Declaration of Gregory Brown, ECF No. 5; *see also* Transcript of July 2, 2025 conference; *see generally* docket.

In light of the above, the Court concludes that the requirements for the issuance of a preliminary injunction have been met. Plaintiff has demonstrated a likelihood of success on the merits of its claims. Plaintiff has demonstrated a likelihood of irreparable injury in the absence of an injunction – namely, further dissipation of PACA trust assets. Plaintiff has demonstrated that the harm to Plaintiff that would result from a denial of the request for a preliminary injunction substantially outweighs any harm to Defendants that would result from a grant of the request. And Plaintiff has demonstrated that the issuance of the requested preliminary injunction

3

is in the public interest, particularly as PACA states an intention to protect the public interest, *see* 7 U.S.C. § 499e(c)(1).

## Preliminary Injunction

IT IS ORDERED THAT:

Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, successors, assigns, and banking institutions are preliminarily enjoined, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, from alienating, dissipating, paying over, or assigning any assets of the Corporate Defendants, their successors, subsidiaries, or related companies during the pendency of this action or until further order of the Court or until Defendants deliver to Plaintiff's counsel the sum of $170,672.78 by bank check or wire transfer;

Within five business days of the date of this Order, Defendants shall supply to Plaintiff's counsel the following documents regarding the assets of the Corporate Defendants, their successors, subsidiaries, and related companies: (1) most recent balance sheets and profit/loss statements; (2) all accounts receivable records showing all funds collected by or on behalf of Defendants in the last ninety days in addition to all records showing accounts receivable currently outstanding, including names, addresses, amounts, and other documentation such as invoices and account statements necessary for collection purposes; (3) all documents related to funds owed to Defendants, including but not limited to funds owed on behalf of credit/debit card processors and other electronic funds transfers due Defendants; and (4) all financial records, such as income tax returns, bank account statements, checking account registers, wire transfer confirmations, and cash receipt records, showing transfers of funds to or from the Corporate Defendants in the last six months;

Defendants and/or any banking institutions used by Defendants shall, within two business

4

days of service of this Order, deliver any and all PACA trust assets held on Defendants' behalf, up to $170,672.78, to Plaintiff's counsel, McCarron & Diess, 200 Broadhollow Road, Suite 207 Melville, New York 11747, to be held by Plaintiff's counsel pending further order of the Court;

Any and all funds belonging to the Corporate Defendants, their successors, subsidiaries, or related companies, in the possession of third parties, including all funds belonging to the Corporate Defendants, their successors, subsidiaries, and related companies, on deposit at banking institutions up to $170,672.78, shall be immediately delivered to Plaintiff's counsel pending further order of the Court;

Plaintiff's counsel is hereby authorized and directed to collect all outstanding accounts receivable of the Corporate Defendants, their successors, subsidiaries, and related companies, with any such sums collected to be held by Plaintiff's counsel pending further order of the Court; and

Defendants shall take such steps as are necessary to preserve all the Corporate Defendants' books and records, whether electronic or otherwise, and are required to cooperate with Plaintiff's counsel's reasonable efforts to effect collection of the Corporate Defendants' accounts receivable and those of their successors, subsidiaries, and related companies.

### Service

IT IS FURTHER ORDERED THAT Plaintiff shall serve this Order on Defendants and file proof of service by July 7, 2025.

### Bond

In light of the particular circumstances here, the Court waives the security requirement

set forth in Rule 65(c) of the Federal Rules of Civil Procedure.

  SO ORDERED.

                 */s/ Diane Gujarati*
                 DIANE GUJARATI
                 United States District Judge

Dated: July 2, 2025
    Brooklyn, New York